UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| TIMOTHY W. HOWARD, SR. | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | NO. 2:06-CV-141 |
| | ) | |
| OTTO PURKEY, ROOKIE INMAN, | ) | |
| DOUG RICH, HAMBLEN COUNTY | ) | |
| JAIL MEDICAL STAFF, BOBBY | ) | |
| BULLINGTON, JAMES COFFEY, | ) | |
| BOB OSBOURNE, DAVID CRIBLEY, | ) | |
| BRAD CRAWFORD, BOBBY THARP, | ) | |
| NURSE LINDA BROOKS, and ALL | ) | |
| EMPLOYEES AT HAMBLEN | ) | |
| COUNTY JAIL | ) | |


## **MEMORANDUM and ORDER**

Timothy W. Howard, a prisoner confined in the Hamblen County Jail, brings this *pro se* civil rights action for injunctive and monetary relief under 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. (Doc. 1). However, since plaintiff is a prisoner, he is **ASSESSED** the full filing fee of three hundred, fifty dollars ($350.00). 28 U.S.C. § 1914(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997).[1] The Court now must screen the complaint to determine

---

[1] A prisoner who files a federal civil case *in forma pauperis* must be assessed the entire filing fee. Typically, after the fee has been assessed, the custodian of inmate trust accounts at the facility wherein the prisoner is housed is ordered to submit installment payments to the Clerk of

whether it should be dismissed as frivolous, malicious or for failure to state a claim or because monetary damages are sought from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. Some of the claims have been grouped together for ease of discussion.

1. Excessive Force
2. Unconstitutional Conditions
3. Failure to Protect

In the first claim in this category, plaintiff alleges that on June 14, 2006, in an incident recorded on videotape, he was kicked and beaten while housed in the drunk tank; that, for 24-hours, he was deprived of water, socks, shoes, and underwear and received only one meal; and that one jailer, defendant Bobby Bullington, twisted his arm while another jailer looked on. The shift leader is defendant Doug Rich.

Plaintiff's second claim is that he asked defendant James Coffey, the Assistant Jail Administrator, to place him in protective custody, which the defendant refused to do. Afterwards, plaintiff was housed with felons in the overcrowded facility, his nose and ribs were broken, presumably by his fellow prisoners, and he was refused medical

---

Court, until the full amount of the filing fee has been paid. The Court takes judicial notice that, in another Hamblen County prisoner's case, the plaintiff submitted a statement signed by the Chief Jailer, stating that the facility does not keep or maintain prisoner trust accounts. *See Flannery v. Hamblen County Sheriff's Dep't Medical Staff*, Civil Number 2:05-cv-148, Doc. 6. Thus, the Court concludes that the plaintiff has no inmate trust fund from which to draw periodic payments to satisfy the filing fee. Nevertheless, the plaintiff has been assessed the filing fee and this constitutes a financial obligation on the part of the plaintiff.

care for his injuries.

Plaintiff's third claim is that, on June, 24, 2006, as a result of his asking for medication, he was again placed nude in the drunk tank, where he turned blue in the near-freezing 35° temperature. This stint in the drunk tank lasted 33 hours and, during this time, he received one meal. He charges that defendants Osborne and Coffee refused to speak with him regarding an illegal network, supposedly in existence in the jail, which netted $10,000 per month and involved cover-ups, pay-offs, bribery, mail fraud and money theft.

A constitution violation results when prison officials show deliberate indifference to an inmate's serious medical needs, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), or a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994). An inmate's allegation that he was subjected to an unprovoked attack by prison guards states a claim under § 1983. *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 ( 6th Cir. 1995). Moreover, jail conditions which involve the wanton and unnecessary infliction of pain and result in the serious deprivation of basic human needs violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981). Claims one and two state colorable Eighth Amendment claims against defendants Bullington and Coffee. As to claim three, plaintiff gives no indication as to the identity of the person who placed him in the drunk tank merely for asking for

his medications. Absent information linking or connecting a specific defendant to the supposed wrongdoing, plaintiff's contentions are conclusory. Conclusory allegations, as are these, do not state a claim for relief under § 1983. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). The allegations that defendants Osborne and Coffee refused to discuss plaintiff's accusations of illicit schemes and conduct at the jail do not state a claim either. The right to free speech, which, it must be noted, is limited for prisoners, also encompasses the freedom not to speak. *See, e.g., Wooley v. Maynard*, 430 U.S. 705, 714 (1977) ("[T]he right of freedom of thought protected by the First Amendment...includes both the right to speak freely and the right to refrain from speaking at all."). In any event, allegations of fraud in a civil rights complaint must be pled with particularity, *see* Fed. R. Civ. P. 9(b), and plaintiff's complaint is fatally lacking in this respect.

4. <u>Conditions in E-4 Cell</u>

This claim arose on July 7, 2007, when plaintiff reported that three felony prisoners were endangering his life and asked defendant Bullington to move him. Ultimately, he was moved by defendant Bobby Tharp to cell E-4 on lock down, where the water did not work, the drain was stopped up, water stood two inches deep on the floor, and there was no shower. Plaintiff remained in this cell 23 hours, without food or lunch. Two days earlier, plaintiff directed a request to defendant Rookie Inman,

4

the Jail Administrator, to be moved to isolation, but received no response.

Arguably, plaintiff has alleged a claim for unconstitutional jail conditions against defendant Tharp. *Rhodes*, 452 U.S. at 346-47. However, unless there is some indication that an inmate is confronted with a substantial risk of serious harm, a supervisor's mere failure to act on plaintiff's request for a cell change does not violate the Constitution. *See, e.g., Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). This is what happened here because plaintiff has not contended that defendant Inman knew that he faced a substantial danger of serious harm. *See Farmer*, 511 U.S. at 837. Logically, a defendant who has no knowledge of a condition cannot consciously disregard any attendant risk of serious harm to an inmate's health or safety.

5. - 8. Medical Care

The last contentions in the complaint relate to a denial of medical treatment. Plaintiff maintains that he suffers from multiple health problems, including "poor liver damage, weight [of] only 100 pounds, sick [and] hurt all the time, deep depression...[which is treated by] Prozac ..., blood in [his] bow[e]l movement, [and a history of] cancer all in [his] family." He contends that he has been refused medication (impliedly, the Prozac), though "something [is] wrong." One of plaintiff's sick call requests was tossed in the garbage, another was rejected and no treatment was given to plaintiff. He has seen defendant Nurse Linda Brooks once in twenty-five

days and during that visit, she dispensed him someone else's medications, which caused him to think he might have a heart attack. Actually, defendant Bullington is responsible for the mix-up since he was the one who gave out the medications.

Finally, on July 10, 2006, plaintiff asked defendant Nurse to move him to the annex or work house because he has "hemp-C [Hepatitis C?] and because of the risk that people with whom he might engage in a fistfight could contract the virus from him through a blood exchange. This request was refused.

The Court infers that, with the exception of the last incident, plaintiff is claiming that he has been denied medical care for his various diseases and conditions. These contentions state a colorable Eighth Amendment claim against defendant Nurse Brooks, *Estelle*, 429 U.S. at 104, but not against defendant Bullington, since all that is claimed on his part is, in essence, medical malpractice. *See Estelle*, 429 U.S. at 106 (medical negligence is not a constitutional tort).

The same is true with respect to the allegations concerning a transfer. Though plaintiff has a right to constitutionally adequate medical care, he has no similar right to be transferred to the annex or work house. This is so because the Constitution does not guarantee a prisoner a right to be confined in any particular prison or jail, *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976), and a "transfer to another institution generally does not implicate a protected liberty interest of the prisoner." *Wilson v.*

*Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (citing *Sandin v. Conner*, 515 U.S. 472, 478 (1995), *Meachum*, 427 U.S. at 225)).

Because plaintiff has stated colorable claims against defendants Bullington, Coffee, Tharp, and Nurse Brooks, the Clerk is **DIRECTED** to send him four service packets. (Each contains a blank summons and USM 285 form.) Plaintiff is **ORDERED** to complete the service packets and to return them to the Clerk's office within twenty (20) days of the date on this Order. Plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

When the completed service packets are received by the Clerk, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon defendants. Defendants are **ORDERED** to respond to the complaint in the manner and within the time required by the Federal Rules of Civil Procedure.

Plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

Finally, since there are insufficient or no allegations connecting the remaining defendants to any wrongdoing and since, in any event, the theory of respondeat superior, or an employer's right to control its employees, cannot provide a basis for

§ 1983 liability, defendants Sheriff Otto Purkey, Rookie Inman, Doug Rich, Bob Osborne, David Cribley, Brad Crawford, Hamblen County Medical Staff and All Employees at Hamblen County Jail are **DISMISSED** for failure to state a claim against them.  Fed. R. Civ. P. 12(b)(6).

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE